UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILLIAM THOMAS,

                       Petitioner,

        -against-                        **03 Cv. 4662**
                                                    **OPINION & ORDER**

WALSH, SUPERINTENDENT,
SULLIVAN CORRECTIONAL FACILITY,

                       Respondent.
------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**[*]

On June 25, 2003, pro se petitioner William Thomas ("Thomas") moved for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 10, 2004, Respondent moved to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d). The matter was referred to Magistrate Judge James C. Francis, who issued a Report and Recommendation ("R&R") that the motion be granted on September 24, 2004. Thomas filed objections, and for the reasons stated below, the R&R is adopted and the motion to dismiss is GRANTED.

## I. BACKGROUND

The procedural history of this case is recited in full in Magistrate Judge Francis' R&R, familiarity with which is assumed. To summarize, on June 6, 1984, at the age of sixteen, Thomas pled guilty to robbery and attempted robbery. People v. Thomas, Nos. 1092/84, 1984/94 (Sup. Ct. N.Y. Co. Jan. 26, 2003). The court adjourned the sentence and because of his young age placed Thomas on "interim probation," a probationary period between conviction and sentencing that imposed

---

[*] Matthew Danzig, a summer 2005 intern in my Chambers, and currently a second year law student at Georgetown University Law Center, provided substantial assistance in the research and drafting of this Opinion.

1

conditions on Thomas which, if satisfied, would afford him youthful offender status and a lesser sentence. See, e.g, People v. Avery, 650 N.E.2d 384, 385 (N.Y. 1995). Thomas was promised youthful offender status so long as he complied with the terms of his interim probation and did not commit another crime during that time period. Within the next two years Thomas was convicted of Second Degree Murder and he was sentenced as an adult for the earlier robbery, the attempted robbery, and the murder. Thomas is now serving the murder sentence (twenty-five years to life) and the robbery sentences (thirteen to forty years) concurrently. The subject of this habeas petition involves only the robbery and attempted robbery convictions.

On October 18, 1989, Thomas filed a post-conviction motion in New York Supreme Court that sought to set aside the robbery and attempted robbery sentences and vacate those convictions. The motion was denied on January 10, 1990. People v. Thomas, Nos. 1092/84, 1984/84 (Sup. Ct. N.Y. Co. Jan. 10, 1990). Thomas appealed alleging that (1) the sentencing court abused its discretion by failing to order sua sponte a competency hearing, and (2) his counsel was ineffective for failure to request such a hearing. People v. Thomas, 169 N.Y.S.2d 372, 372 (N.Y. App. Div. 1st Dept. 1991). On January 17, 1991, the New York State Appellate Division, First Department, affirmed the conviction and sentence. Id. at 373. Thomas moved for further leave to appeal and it was denied on August 8, 1991. Almost 11 years later, on July 31, 2002, Thomas filed a second post-conviction motion in New York Supreme Court which again sought to vacate the robbery convictions. Again the motion was denied. People v. Thomas, No. 1092/84 (Sup. Ct. N.Y. Co. Sept. 13, 2002).

On June 25, 2003, Thomas filed a habeas corpus petition in this Court and, per the Court's direction, submitted an affirmation that explained why his petition should

not be barred by the one year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Respondent filed a motion to dismiss the petition as untimely. The matter was referred to Magistrate Judge Francis, who issued an R&R finding the petition time-barred. Thomas filed objections to that portion of the R&R.

## II. DISCUSSION

### A. Standard of Review

In response to a magistrate judge's recommendation for the disposition of a petition for habeas corpus, the district court reviews de novo those parts of the report to which the petitioner objects, and may accept, reject, or modify the report in whole or in part. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B), (C).

### B. Petitioner's Objections

Thomas presents three objections to the Magistrate Judge's recommendation that the petition be dismissed as time-barred: (1) the AEDPA's statute of limitations for filing habeas corpus petitions is unconstitutional; (2) he is entitled under the AEDPA to toll the limitations period which would make his petition timely; and (3) "extraordinary circumstances" exist which merit equitable tolling. Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000); Valverde v. Stinson, 224 F.3d. 129 (2d Cir. 2000) (holding that courts may equitably toll the limitations period when "extraordinary circumstances" prevented a prisoner from filing his habeas corpus petition on time).

## 1. The Constitutionality of the AEDPA's Statute of Limitations

The statute of limitations set forth by the AEDPA provides that a petitioner must commence habeas corpus proceedings within one year of the date the judgment in the underlying criminal case became final.[1] 28 U.S.C. § 2244(d)(1)(A) (2005).

Thomas argues that the statute of limitations imposed by the AEDPA limits when a habeas petition may be filed and therefore acts as a suspension of the writ in violation of the Suspension Clause of the Constitution. See U.S. Const. art I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of Rebellion or Invasion the public Safety may require it."). Unfortunately, the Second Circuit has specifically held that the AEDPA's statute of limitations does not run afoul of the Suspension Clause and therefore is Constitutional. See, e.g., Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 113 (2d Cir. 2002) ("[T]he [AEDPA] limitations period does not render the habeas remedy 'inadequate or ineffective to test the legality of detention' and therefore does not per se constitute an unconstitutional suspension of the writ of habeas corpus."); Swain v. Pressley, 430 U.S. 372 (1977) (holding that under the Suspension Clause the test of a habeas corpus remedy is whether it is ineffective or inadequate to test the legality of a person's detention).

## 2. Tolling the Statute of Limitations

The statute of limitations to file a habeas petition has two facets, a one-year period which usually begins to run on the date the petitioner's underlying conviction became final, 28 U.S.C. § 2244(d)(1)(A) (2005), and one that excludes time where a

---

[1] The AEDPA's statute of limitations provides that the one-year period of limitations begins to run on the latest of four possible dates. The date the judgment of conviction became final is one of those dates; none of the other three apply to the present case. 28 U.S.C. § 2244(d)(1)(B)-(D) (2005).

properly filed application for State post-conviction review is pending. 28 U.S.C. § 2244(d)(2).

However, the AEDPA came into effect on April 24, 1996, and if a prisoner's conviction became final prior to that date he is permitted a one-year "grace period" up until April 24, 1997 to file his habeas petition. Ross v. Artuz, 150 F.3d 97 (2d Cir. 1998). Because Thomas's conviction became final more than five years before the AEDPA went into effect, he had until April 24, 1997 to file his § 2255 habeas petition.

Thomas did not file his petition until June 25, 2003, more than 6 years after his grace period expired, and therefore the petition is untimely. Thomas argues he had pending applications for State post-conviction review which toll the one-year grace period and thus his petition should not be time-barred. 28 U.S.C. § 2244(d)(2) (2005).

The argument is unavailing because Thomas's post-conviction motions were never pending during the one-year grace period and thus they may not toll the grace period. See Bennet v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999) ("a state court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedure"). The Petitioner's first motion was dismissed on January 10, 1990. As Thomas did not appeal the dismissal, it became final 30 days later on February 10, 1990, more than 6 years before the grace period began to run. See N.Y. Crim. Proc. Law §§ 450.15, 460.10(4), 460.15 (McKinney 2005) (the appeal of the dismissal of a post-conviction motion must be filed within 30 days of dismissal). The second motion was filed on July 31, 2002, more than 5 years after Petitioner's grace period had expired. As such, Thomas cannot benefit from any tolling provision in the statute.

### 3. Equitable Tolling

In limited circumstances, the Court may toll the period of limitations for reasons not covered by the statute because of "extraordinary circumstances," as alleged in Petitioner's third argument. See, e.g., Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001). To qualify for this exception, Thomas must "demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time." Id. (quoting Smith, 208 F.3d at 17) (internal marks omitted).

Thomas makes two arguments on this score. First, he contends he was incarcerated and unable to obtain the documents he considered necessary for his petition. Here, the Second Circuit has specifically held that the inability to obtain court documents due to the routine restrictions of prison life does not rise to the level of extraordinary circumstances. Davis v. McCoy, 2000 WL 973752, at *2 (S.D.N.Y. July 14, 2000). Moreover, despite the absence of court documents he thought necessary, Thomas was indeed able to file his first post-conviction motion in 1989 on the very same grounds he used in his 2003 habeas petition. At a minimum this suggests that Thomas was capable of and could have filed his habeas petition before the limitations clock expired in 1997. (Report and Rec., 03 Civ 4662 at 20 (HB) (JCF) (2004).)

Second, Thomas argues he was precluded from finding law that could help him challenge his interim probation until he "stumbled across it in July 2002." (Pet. Objections to Report and Rec. at 20.) This argument must fail because pertinent law was in fact available as far back as 1991 when the New York Court of Appeals held that "there is no express statutory authority for 'interim probation' pending the

6

sentence." People v. Rodney E., 572 N.E.2d 603, 604 (N.Y. 1991). Thus, Judge Francis correctly concluded that Thomas could have challenged his interim probation before the grace period expired in 1997, and no extraordinary circumstances exist here to warrant equitable tolling. (Report and Rec., 03 Civ 4662 at 9 (HB) (JCF) (2004).)

### III.  CONCLUSION

After concluding a de novo review of those parts of the R&R to which Thomas objected and finding no clear error with respect to the balance of the R&R, this Court adopts Magistrate Judge Francis' R&R dated September 24, 2004 in its entirety. The motion to dismiss is GRANTED, and the petition for a writ of habeas corpus is DENIED. The Clerk of the Court is ordered to close any open motions and remove this case from my docket.

**IT IS SO ORDERED.**
New York, New York
July 12, 2005

_____
U.S.D.J.